IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARAHJAY M. ROSS,** | : | |
|     **Plaintiff** | : | |
| | : | No. 1:21-cv-02080 |
|     v. | : | |
| | : | (Judge Kane) |
| **LT. FISS, et al.,** | : | |
|     **Defendants** | : | |

### ORDER

**AND NOW**, on this 23rd day of December 2021, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. The complaint (Doc. No. 1) is partially **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may proceed on his excessive force claims against Defendants Fiss, Heinbaugh, and Thomas, as well as his retaliation claims against Defendants Thomas and Donatto, at this time. The following claims are **DISMISSED WITH PREJUDICE**: (1) Plaintiff's claims pursuant to 18 U.S.C. § 241; (2) his Eighth Amendment claims; (3) his Fourth Amendment claims; and (4) his Fourteenth Amendment claims regarding loss of property and verbal harassment. All other claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted;

7. Plaintiff may file an amended complaint with respect to all claims dismissed without prejudice within thirty (30) days of the date of this Order. Plaintiff may not file an amended complaint with respect to: (1) his claims pursuant to 18 U.S.C. § 241; (2) his Eighth Amendment claims; (3) his Fourth Amendment claims; and (4) his Fourteenth Amendment claims regarding loss of property and verbal harassment. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supersede the original complaint. See Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (stating that "an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity"). Accordingly, Plaintiff's amended complaint must also set forth his excessive force claims against Defendants Fiss, Heinbaugh, and Thomas, and his retaliation claims against Defendants Thomas and Donatto, should he wish to proceed upon them as well;

8. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form;

9. Plaintiff's motion to appoint counsel (Doc. No. 4) is **DENIED WITHOUT PREJUDICE**; and

10. The Court will defer service of the complaint for thirty (30) days. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within thirty (30) days of the date hereof, the Court will direct service of the original complaint upon Defendants Fiss, Heinbaugh, Thomas, and Donatto.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania